# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2429
_____

Kelly Flannery

*Plaintiff - Appellant*

v.

Peco Foods, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: April 17, 2025
Filed: August 25, 2025
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

A positive drug test is all it took for Peco Foods, Inc., to fire Kelly Flannery. Although he challenged his termination in multiple ways, none of his claims survived summary judgment. We affirm.

I.

A urine-screening test revealed that Flannery had THC, the active ingredient of marijuana, in his system. He blamed a CBD oil he used for back pain. The company fired him, even though he claimed that his THC level was below the threshold listed in the employee manual. He raised a host of claims, but the district court[1] rejected each one at summary judgment. *See Bharadwaj v. Mid Dakota Clinic*, 954 F.3d 1130, 1134 (8th Cir. 2020) (reviewing summary-judgment rulings de novo).

II.

Arkansas's employment-at-will doctrine takes care of Flannery's contract-based claims. *See Mertyris v. P.A.M. Transp., Inc.*, 832 S.W.2d 823, 825 (Ark. 1992). An employer like Peco can discharge its employees at any time, "for good cause, no cause, or even a morally wrong cause." *Smith v. Am. Greetings Corp.*, 804 S.W.2d 683, 684 (Ark. 1991). It follows that Flannery cannot sue for damages or to get his job back, whether the claim is for breaching the contract or the implied covenant of good faith and fair dealing. *See Mertyris*, 832 S.W.2d at 825.

The narrow "exceptions" to the employment-at-will doctrine do not save them. *Id.* The first is the public-policy exception, which allows a wrongful-discharge claim when an employee "is fired in violation of a well-established public policy of the state." *Id.* (citation omitted). Flannery argued for the first time at summary judgment that Peco retaliated against him for taking time off to recover from his on-the-job back injury. *See Jones v. Wellpath, LLC*, 77 F.4th 658, 663 (8th Cir. 2023) (observing that Arkansas law recognizes a wrongful-discharge claim if there is "substantial evidence that the defendant fired the claimant because of [his] legally protected conduct"). The district court did not abuse its discretion in

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

dismissing this unpleaded, unsupported, and untimely attempt to repackage his claims. *See WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co.*, 897 F.3d 987, 992 (8th Cir. 2018) (concluding there was no abuse of discretion in rejecting legal theories raised for the first time in response to a summary-judgment motion).

Flannery gets no further with his argument under the second exception, which is that the employee manual created a dismissal-for-cause requirement. *See Mertyris*, 832 S.W.2d at 825 (discussing the employee-handbook exception). For a claim like this one to succeed, the manual must "contain[] an express provision stating that the employee will only be dismissed for cause." *Id.* (citation omitted). Far from imposing such a limit, it said the exact opposite: either party could "end the employment relationship" at any time, "with or without notice[,] and for any reason or no reason" at all. If anything, it made clear that he *was* an at-will employee. *See Gladden v. Ark. Children's Hosp.*, 728 S.W.2d 501, 505 (Ark. 1987).

The employment manual also did not specify a safe-harbor THC level that would support a claim for fraud. He claims that it gave him a false sense of security in using the CBD oil, which left him short of the listed level. Any reliance here, however, was not "justifiable" given that both Arkansas law and the manual gave Peco the right to fire Flannery anyway. *DePriest v. AstraZeneca Pharms., L.P.*, 351 S.W.3d 168, 178 (Ark. 2009).

III.

Finally, we tie up a few loose ends.[2] Flannery attempted to amend his complaint to add two claims, one for disability discrimination and another for workers' compensation retaliation. The amendment, however, would have been futile because he never exhausted the first claim, *see Voss v. Hous. Auth.*, 917 F.3d

---

[2]Included among them are arguments about violations of discovery rules and Flannery's due-process and equal-protection rights. None of these issues came up at the district court, and "we will not consider [them] for the first time on appeal." *Fleck v. Wetch*, 937 F.3d 1112, 1116 (8th Cir. 2019).

618, 625 (8th Cir. 2019), and the second one no longer exists under Arkansas law, *see Davis v. Dillmeier Enters., Inc.*, 956 S.W.2d 155, 160 (Ark. 1997); Ark. Code § 11-9-107(e).

IV.

We accordingly affirm the judgment of the district court.

_____